# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

---

**CHRISTY ANNA ALLEN**

        **Plaintiff,**

**v.**                                     **No.:**

                                                 **Jury Demanded**

**METROPOLITAN GOVERNMENT OF NASHVILLE
 AND DAVIDSON COUNTY, TENNESSEE,
RICHARD ROOKER, individually and in his official
capacity as the Davidson County Circuit Court Clerk,
JOSEPH P. DAY, individually and in his official
capacity as the Davidson County Circuit Court Clerk,
GLENN BALETTO, individually and in his official
capacity as the Chief Clerk of the Davidson County
Circuit Court Clerk,
STEPHANIE CHATMAN, individually and in her
official capacity as the Deputy Clerk of the Davidson
County Circuit Court Clerk,
and other unnamed and unknown individuals.**

        **Defendants.**

---

## COMPLAINT

---

        Comes now the Plaintiff, Christy Anna Allan (hereinafter referred to as "Plaintiff", by and through their attorney of record, Paul Forrest Craig, and sues the Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, individually and in his official capacity as Davidson County Circuit Court Clerk, Joseph P. Day, individually and in his official capacity as Davidson County Circuit Court Clerk, Glenn Baletto, individually and in his official capacity as the Chief Clerk of the Davidson County Circuit Court Clerk, Stephanie Chatman, individually and in her official capacity as the Deputy Clerk of the Davidson County

Circuit Court Clerk, and other individuals who are unknown and unnamed at this time, and for cause would show unto the Honorable Court as follows:

Parties

1.      Christy Anna Allen is a resident of the County of Davidson, State of Tennessee.

2.      That Defendant Metropolitan Government of Nashville and Davidson County, Tennessee is a metropolitan government organized under the laws of the State of Tennessee and may be served with process at the Office of the County Mayor, John Cooper, 1 Public Square, Ste. 100, Nashville, TN 37201 .

3.      That Defendant Richard Rooker was the Circuit Court Clerk for Davidson County, Tennessee  and may be served with process at his residence located at 1243 Riverwood Drive, Nashville, TN 37216. That in his position as Circuit Court Clerk, Defendant Rooker also managed the Civil Division of the General Sessions Court of Davidson County, Tennessee.

4.      That Defendant Joseph P. Day is the Circuit Court Clerk for Davidson County, Tennessee, and may be served with process a his office located at 1 Public Square, Room 301, Nashville, TN 37201. That in his position as Circuit Court Clerk, Defendant Day also managed the Civil Division of the General Sessions Court of Davidson County, Tennessee.

5.      That Defendant Glen Baletto is the Chief  Court Clerk for the Circuit Court of Davidson County, Tennessee, and may be served with process a his office located at 1 Public Square, Room 301, Nashville, TN 37201. In his position as Chief Court Clerk, Defendant Balletto was in a supervisory position over the Plaintiff.

6.      That Defendant Stephanie Chatman is the Deputy  Court Clerk for the Circuit Court of Davidson County, Tennessee, and may be served with process a his office located at 1 Public Square, Room 301, Nashville, TN 37201. In her position as Deputy Court Clerk,

Defendant Balletto was in a supervisory position over the Plaintiff.

7.     That there is believed to be others who at the present time or unknown and unnamed  individuals. The identity of these individuals is expected to be revealed throughout the course of this litigation and upon discovery the Plaintiff will amend said complaint to include these individuals.

## Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated and founded upon violation of the Civil Rights Act (42 U.S.C. Sec. 1983) for violations of rights under the United States Constitution, namely denial of free speech rights under Amendment I, conspiracy to violate the Civil Rights of the Plaintiff (42 U.S.C. Sec. 1985); violation of Title VII of the Civil Rights Act (sex discrimination, 42 U.S.C. Sec. 2000e-2), (sexual harassment, 42 U.S.C. Sec. 2000e-2); and violation of Age Discrimination in Employment Act (29 U.S.C. Sec. 623) .

Venue is proper in the fact that events which make up this cause of action occurred in and around Davidson County, Tennessee which is located in the Middle District, Nashville Division of the State of Tennessee.

That the damages sought in the matter in controversy and to which the plaintiff believes they are entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

1.     That at all times complained of Defendants Richard Rooker, Joseph P. Day, Glenn Baletto, and Stephanie Chatman acted as agents to the principal Defendant Metropolitan

Government of Nashville and Davidson County, Tennessee. And, principal, Defendant Metropolitan Government of Nashville and Davidson County, Tennessee, at all times complained of ratified the actions of its agents, Defendants Richard Rooker, Joseph P. Day, Glenn Baletto, and Stephanie Chatman.

2.      That at all times complained of Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Joseph P. Day, Glenn Baletto, and Stephanie Chatman acted as agents to the principal Defendant Richard Rooker. And, principal, Defendant Richard Rooker, at all times complained of ratified the actions of its agents, Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Joseph P. Day, Glenn Baletto, and Stephanie Chatman.

3.      That at all times complained of Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, Glen Baletto, and Stephanie Chatman acted as agents to the principal Defendant Joseph P. Day. And, principal, Defendant Joseph P. Day, at all times complained of ratified the actions of its agents, Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, Glenn Baletto, and Stephanie Chatman.

4.      That at all times complained of Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, Joseph P. Day, and Stephanie Chatman acted as agents to the principal Defendant Glenn Baletto. And, principal, Defendant Glenn Baletto, at all times complained of ratified the actions of its agents, Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, Joseph P. Day, and Stephanie Chatman.

5.      That at all times complained of Defendants Metropolitan Government of

Nashville and Davidson County, Tennessee, Richard Rooker, Glen Baletto, and Joseph P. Day acted as agents to the principal Defendant Stephanie Chatman. And, principal, Defendant Stephanie Chatman, at all times complained of ratified the actions of its agents, Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, Glenn Baletto, and Joseph P. Day.

6. That at all times complained of the Defendants operated under the color of state law.

7. That Christy Anna Allen ("Plaintiff") was hired by Defendant Metropolitan Government of Nashville and Davidson County, Tennessee on April 24, 1995 for the position of Deputy Clerk to work in the Davidson County Circuit Court.

8. On August 31, 2022, Plaintiff was terminated from her position with the Davidson County Circuit Court Clerk's Office.

9. At the time of her termination, the Plaintiff was a female.

10. At the time of her termination, the Plaintiff was 53 years of age.

11. Plaintiff successfully served in the capacity of Deputy Clerk for a period of over twenty-seven years.

12. Based upon information and belief during her over twenty year tenure with the Davidson County Circuit Court Clerk's office, Plaintiff received raises that were comparable to others who were in the employ of the Davidson County Circuit Court Clerk's office.

13. During her twenty-seven year tenure as Deputy Circuit Court Clerk, Plaintiff received satisfactory and favorable evaluations.

14. During her twenty-seven year tenure as Deputy Circuit Court Clerk, Plaintiff never had any disciplinary issues with her job performance.

15.     At the time of her termination, Plaintiff was receiving an approximate annual salary of $41,600.00.

16.     Since the date of her termination, Plaintiff has diligently been searching to attain another employment position.

17.     At the time of her termination and for a substantial period of time before, Defendant Glenn Baletto as the Chief Clerk of the Davidson County Circuit Court was in a supervisory position over the Plaintiff and had decisionmaking authority in whether or not the Plaintiff would keep her position.

18.     At the time of her termination and for a substantial period of time before, Defendant Stephanie Chatman as the Deputy Clerk of the Davidson County Circuit Court was in a supervisory position over the Plaintiff and had decisionmaking authority in whether or not the Plaintiff would keep her position.

19.     On or about September 27, 2021, the Circuit Court Clerk for Davidson County, Tennessee, Defendant Richard Rooker announced that he would not be seeking re-election for the position that he held as Circuit Court Clerk.

20.     Defendant Rooker held the position of Davidson County Circuit Court Clerk since 1993, when he was appointed to replace his father who held the position prior to him. This position required that he manage the General Sessions Court of Davidson County, Tennessee.

21.     At the time of his September 27, 2021 announcement of not seeking re-election, Defendant Rooker also announced that he was endorsing Defendant Joseph P. Day's candidacy for his election to the position of Davidson County Circuit Court Clerk. Further, Defendant Rooker asked that his staff support the candidacy of Defendant Day.

22.     In his position as Davidson County Circuit Court Clerk, Defendant Rooker was

the supervisor and oversaw and managed the staff of the Davidson County Circuit Court and General Sessions Court office. This staff included individuals situated such as the Plaintiff in this action.

23.     After his September 27, 2021 announcement, Defendant Rooker made it clear to his staff that they were expected to support the candidacy of Defendant Day, and they were expected to work on the campaign of Defendant Day.

24.     This expectation of support for candidacy was in line with actions which Defendant Rooker had taken in past elections. He had required that his staff recruit individuals in order to place campaign signs in yards.

25.     Defendant Rooker went so far as to make an announcement at a campaign function that any employees of the Davidson County Circuit Court's office who did not support Defendant Day would no longer have positions after the election.

26.     Defendant Chatman went so far as to on numerous occasions to solicit the Plaintiff for financial campaign contributions for Defendant Day.

27.     Defendant Chatman even told the Plaintiff that if Defendant Day was not supported and elected as the new Circuit Court Clerk that everyone in the office would lose their jobs.

28.     The Plaintiff never made a financial campaign contribution for Defendant Day.

29.     During her tenure at the Davidson County Circuit Court's Office, Plaintiff was only able to participate in a few campaign event because of other family duties and her own health concerns. Otherwise, the Plaintiff did not endorse or support any candidate in the August 4, 2022 election for Davidson County Circuit Court Clerk.

30.     As a Deputy Circuit Court Clerk for Davidson County, the Plaintiff was an

employee of Defendant Metropolitan Government for Nashville and Davidson County, Tennessee (hereinafter referred to as ("Defendant Metropolitan Government").

31.     The First Amendment of the United States Constitution reads as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting **the free exercise thereof; or abridging the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances. [Emphasis added.]

32.     The Plaintiff's choice to only participate in a limited basis in Defendant Day's campaign in the August 4, 2022 election for Davidson County Circuit Court Clerk is an exercise of their First Amendment right to be free from governmental interference with her "free speech" rights. The Plaintiff's silence is protected as the exercise of free political speech.

33.     Defendant Day won the election in May, 2022. He was unopposed in the August 4, 2022 election as Davidson County Circuit Court Clerk. On September 1, 2022, he was installed as the new Davidson County Circuit Court Clerk.

34.     After the August 4, 2022 Davidson County Circuit Court Clerk election, on August 31, 2022 the Plaintiff was terminated from her positions as Deputy Circuit Court Clerk and Deputy Clerk of the General Sessions Court without notice and without cause. This termination came after the Plaintiff had successfully held this position for in excess of twenty seven years.

35.     At the same time that the Plaintiff was terminated, there were three other employees, all of whom were female and over the age of 40 years, of the Davidson County Circuit Court and General Sessions Court Clerk's office that were also terminated.

36.     Based upon information and belief, all of the Davidson County Circuit Court Clerk's Office employees who were terminated on August 31, 2022 neither publicly supported or otherwise endorsed the candidacy of Defendant Day.

37.     Based upon information and belief, all of the employees who made financial campaign contributions to Defendant Day were able to retain their positions after Defendant Day became the Circuit Court Clerk.

38.     Defendant Rooker recommended and  requested the termination of all of the employees of the Davidson County Circuit Court and General Sessions Court Clerk's Office who were terminated on August 31, 2022.

39.     All of the individuals who were terminated on August 31, 2022 were females over the age of 40.

40.     Defendant Rooker was still the Davidson County Circuit Court Clerk on August 31, 2022.

41.     Defendant Day ratified and endorsed the August 31, 2022 terminations of the Davidson County Circuit and General Sessions Court Clerk Office employees which were recommended and requested by Defendant Rooker.

42.     Defendant Day took no action to stop the August 31, 2022 termination of the Davidson County Circuit and General Sessions Court Clerk Office employees.

43.      Defendant Day took no action to reinstate any of the employees of the Davidson County Circuit and General Sessions Court Clerk Office who were terminated on August 31, 2022.

44.     Defendant Metropolitan Government ratified and endorsed the August 31, 2022 terminations of the Davidson County Circuit and General Sessions Court Clerk Office employees which were recommended and requested by Defendant Rooker.

45.     Defendant Metropolitan Government took no action to stop the August 31, 2022 termination of the Davidson County Circuit and General Sessions Court Clerk Office employees.

46.     Defendant Metropolitan Government took no action to reinstate any of the employees of the Davidson County Circuit and General Sessions Court Clerk Office who were terminated on August 31, 2022.

47.     After her August 31, 2022 termination, Plaintiff applied to and received unemployment compensation with the Tennessee Department of Labor after having to appeal.

48.     That Tennessee Constitution Article 1, Section 4 reads as follows:

> That no political or religious test, other than an oath to support the Constitution of the United States and of this State, shall ever be required as a qualification to any office or public trust under this State.

49.     That Tennessee Constitution Article 1, Section 19 reads as follows:

> That the printing presses shall be free to every person to examine the proceedings of the Legislature; or of any branch or officer of the government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions, is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty. But in prosecutions for the publication of papers investigating the official conduct of officers, or men in public capacity, the truth thereof may be given in evidence; and in all indictments for libel, the jury shall have a right to determine the law and the facts, under the direction of the court, as in other criminal cases.

50.     That the Plaintiff suffered adverse employment action at the hands of Defendants Rooker, Day and Metropolitan Government when she was terminated on August 31, 2022.

51.     That the August 31, 2022 termination of the Plaintiff violated the First Amendment of the United States Constitution, and Article 1, Sections 4 and 19 of the Tennessee State Constitution.

52.     That the First Amendment of the United States Constitution explicitly granted rights to the Plaintiff.

53.     That Article 1, Sections 4 and 19 of the Tennessee State Constitution explicitly granted rights to the Plaintiff.

54.     Defendants Rooker, Day and Metropolitan Government violated the Plaintiff's rights under the First Amendment of the United States Constitution.

55.     Defendants Rooker, Day and Metropolitan Government violated the Plaintiff's rights under Article 1, Sections 4 and 19 of the Tennessee State Constitution.

56.     The termination of the Plaintiff by Defendants Rooker, Day, and Metropolitan Government an act of retaliation against the Plaintiffs in retaliation for exercising their constitutionally protected activity.

57.     At the time of her termination, the Plaintiff was qualified for the positions that they held with the Metropolitan Government of Nashville and Davidson County, Tennessee.

58.     At the time of her termination, Plaintiff was making an annual salary of approximately $41,600.00 plus a full medical benefits package.

59.     That all of the actions taken by the Defendants in this cause constitute state action.

60.     That all of the actions taken by the Defendants against the Plaintiff in this cause was done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

61.     Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take retaliatory actions against individuals exercising their First Amendment rights and rights under the Tennessee State Constitution.

62.     Further, Defendant Metropolitan Government failed to properly supervise its employees and officer to not take retaliatory actions against individuals exercising their First Amendment rights and rights under the Tennessee State Constitution.

63.     That all of the actions of the Defendants culminated in the employees and officers

of Defendant Metropolitan Government conspiring to violate the First Amendment rights of the Plaintiff and rights under the Tennessee State Constitution.

64.     That at the time of her termination, the Plaintiff was a female and as such is a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e *et seq*).

65.     That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government, Plaintiff was qualified for the position that she held.

66.     The Plaintiff was replaced by a male individual who is not a member of a protected class under Title VII of the Civil Rights Act of 1964.

67.     The Plaintiff suffered adverse employment action when she was terminated on August 31, 2022.

68.     During her tenure with the Defendants, the Plaintiff was subjected to years of sexual harassment which created a hostile work environment and is believed to be in part a reason for her August 31, 2022 termination.

69.     For a period of approximately fifteen (15) years prior to her termination, the Plaintiff was subjected to systemic sexual harassment at the hands of Defendant Baletto.

70.     The acts of sexual harassment which Defendant Baletto inflicted upon the Plaintiff included, but were not limited to, consistently asking the Plaintiff out for romantic dates; consistently finding reasons for the Plaintiff to be alone with Defendant Baletto; consistently finding reasons for Defendant Baletto to see the Plaintiff outside of work hours; consistently showing the Plaintiff pornographic videos from Defendant Baletto's cell phone in the workplace; consistently exposing himself to the Plaintiff in the workplace; grabbing and groping the private areas on the body of the Plaintiff; and requesting sexual favors from the

Plaintiff in the workplace.

71. The acts of sexual harassment took place in the workplace at a point in time when Defendant Baletto was in a position of authority over the Plaintiff. Defendant Baletto had the authority to fire the Plaintiff.

72. Defendant Baletto's last act of sexual harassment towards the Plaintiff occurred approximately two (2) days prior to the termination of the Plaintiff.

73. During the period of time of the sexual harassment by Defendant Baretto, the Plaintiff reported such activity to Defendant Rooker. Defendant Rooker who was the immediate supervisor of Defendant Baretto failed to take any effective steps to stop, or otherwise curtail, the sexually harassing activities of Defendant Baretto towards the Plaintiff.

74. During the period of time of the sexual harassment by Defendant Baretto, the Plaintiff reported such activity to Defendant Chatman. Defendant Chatman who was the immediate supervisor of the Plaintiff failed to take any effective steps to stop, or otherwise curtail, the sexually harassing activities of Defendant Baretto towards the Plaintiff.

75. In fact, Defendant Chatman told the Plaintiff that the actions of Defendant Baretto were not sexual harassment.

76. Defendant Baretto, as a supervisor the Plaintiff, was part of the decision making process in deciding whether or not to terminate the Plaintiff on August 31, 2022.

77. Based upon information and belief, if the Plaintiff had acquiesced to sexual advances of Defendant Baretto, she would not have been terminated on August 31, 2022.

78. That at the time of her termination, the Plaintiff was over the age of 40 years and as such is a member of a protected class under Age Discrimination In Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq*).

79.     That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government, Plaintiff was qualified for the position that she held.

80.     The Plaintiff was replaced by a male individual who was significantly younger than she was and who is not a member of a protected class under ADEA.

81.     The Plaintiff suffered adverse employment action when she was terminated on August 31, 2022.

82.     The due to the Defendants' violation of the Plaintiff's constitutional rights in contravention of the Civil Rights Act (42 U.S.C. Sec. 1983), for conspiracy to violate Civil Rights (42 U.S.C. Sec. 1985), for violations of Title VII of 1964 (for sex discrimination and sexual harassment); and for violations of ADEA (age discrimination) Plaintiff seeks compensatory (in the form of both back and front pay, reinstatement, and liquidated damages), special and punitive damages in an amount of Eight Hundred Eighty-two Thousand and Four Hundred ($882,400.00) Dollars.

Count One

Violation of 42 U.S.C. Sec. 1983

83.     The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained in paragraphs 1-82 as if set forth herein verbatim.

84.     Defendants insisted that the employees of the Davidson County Circuit Court and General Sessions Clerk's office support the candidacy of Defendant Day for the position of Davidson County Circuit Court Clerk.

85.     The Plaintiff did not endorse the candidacy of Defendant Day.

86.     Defendant Day won the August 4, 2022 election for Davidson County Circuit Court and General Sessions Court Clerk,

87.     On August 31, 2022, the Plaintiff was terminated from her position with the Davidson County Circuit and General Sessions Court Clerk's office.

88.     The political activities for which the Plaintiff engaged are protected under the First Amendment of the constitution of the United States. Choosing to not support any candidate is protected under the First Amendment of the United States Constitution.

89.     The political activities for which the Plaintiff engaged are protected under the Article 1, Sections 4 and 19 of the Tennessee State Constitution. Choosing to not support any candidate is protected under Article 1, Sections 4 and 19 of the Tennessee State Constitution.

90.     The First Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment to the United States Constitution, guarantees the right of political expression and association, and a lawsuit may be brought under 42 U.S.C. § 1983 if a public employee is discharged, demoted, or otherwise subjected to punishment in retaliation for the exercise of the employee's constitutional rights to political expression and association. *See, e.g., Rutan v. Republican Party of Illinois*, 497 U. S. 62 (1990).

91.     There is a very limited exception to this rule. The Supreme Court has recognized that the government has an interest in securing employees who will loyally implement the policies of its democratically elected officials. In *Elrod v. Burns,* 427 U.S. 347 (1976), the Court found that politically loyal employees are necessary "to the end that representative government not be undercut by tactics obstructing the implementation of policies of the new administration, policies presumably sanctioned by the electorate."

92.     While political patronage dismissals normally violate the First Amendment, the Court has recognized an exception that termination of public employees in policymaking or confidential positions may be based solely on political affiliation without violating the First

Amendment. *Elrod v. Burns,* 427 U.S. 347 (1976)*; Branti v. Finkel,* 445 U.S. 507 (1980). This exception is a very narrow one and applies to only a few county employees. An examination of the nature of the employee's responsibilities on a case-by-case basis is necessary. Several cases have been decided by the Sixth Circuit Court of Appeals that illustrate the limited nature of this exception: *Hager v. Pike County Board of Education*, 286 F.3d 366 (6th Cir. 2001) (teacher not within exception); *Heggen v. Lee*, 284 F.3d 675 (6th Cir. 2002) (deputy sheriffs not within exception); *York v. Purkey*, 2001 WL 845554 (6th Cir. 2001) (sheriff's employees not within exception); *Rose v. Stephens*, 291 F.3d 917 (6th Cir. 2002) (state police commissioner fell within exception); *Justice v. Pike Co. Board of Education,* 348 F.3d 554 (6thCir. 2003) (teacher not within exception); *Summe v. Kenton County Clerk's Office*, 604 F.3d 257 (6th Cir. 2010) (chief deputy county clerk fell within exception); *Ray v. Davis*, 528 Fed. Appx. 453 (6th Cir. 2013) (business manager for county trustee fell within exception); *Peterson v. Dean*, 777 F.3d 334 (6th Cir. 2015) (county administrators of elections fell within exception).

93.     The position of the Plaintiff with the Davidson County Circuit and General Sessions Court Clerk's office does not fall within these exceptions, as defined by the Sixth Circuit Court of Appeals.

94.     Newly elected officials often want to terminate all employees and have them apply for employment, believing that this will eliminate First Amendment issues. However, a refusal to rehire is not treated any differently than a termination for purposes of First Amendment analysis. *See Heggen v. Lee*, 284 F.3d 675 (6th Cir. 2002).

95.     The political activities for which the Plaintiff engaged did not interfere with the performance of her duties as an officer of Defendant Metropolitan Government.

96.     The Defendants were aware of the political activities of the Plaintiff.

97.     The Defendants took such action in an effort to prohibit the free exercise of political speech.

98.     The Defendants took such action in retaliation of the free exercise of political speech.

99.     That the actions of the Defendants were taken in compliance with the policies, procedures and customs of the Defendant Metropolitan Government.

100.    That Defendant Metropolitan Government failed to properly train its employees which resulted in these actions being taken against the Plaintiff.

101.    That Defendant Metropolitan Government failed to properly supervise its employees which result in these action being taken against the Plaintiff.

102.    The actions of the Defendants constitutes a violation of the First Amendment rights and rights under the Tennessee State Constitution of the Plaintiff.

103.    As the direct and proximate result of the violation of the Plaintiff's constitutional rights the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

Count Two

Violation of 42 U.S.C. Sec. 1985

104.    The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained  in paragraphs 1-105 as if set forth herein verbatim.

105.    It is well settled that terminating an employee after an election for failure to support a certain candidate violates the constitutional rights of an individual who is so terminated.

106.    The acts and/or acts of omissions of the various Defendants conspired in a manner to violate the constitutional rights of the Plaintiff.

107.    Because of the acts and/or acts of omissions the constitutional rights of the Plaintiff were in fact violated by the Defendants.

108.    As such, the Defendants by their acts and acts of omissions did violated 42 U.S.C. Sec. 1985.

109.    As the direct and proximate result of the violation of the Plaintiff's constitutional rights (both under the United States Constitution and the Tennessee State Constitution), and the Defendants engaging in a conspiracy to so violated, the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

Count Three

Violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e)

(Sexual Discrimination)

110.    The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained  in paragraphs 1-109 as if set forth herein verbatim.

111.    At the time of her termination, the Plaintiff was a female and as such is a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e *et seq*).

112.    42 U.S.C. Sec. 2000e-2(a) reads as follows:

(**1**)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin; or

(**2**)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, **sex**, or national origin. [Empasis added.]

113.    As evidenced by the length of her tenure in her position with Defendant Metropolitan Government, the Plaintiff was qualified for the position that she held.

114.    The Plaintiff was replaced by a male individual who is not a member of a protected class under Title VII of the Civil Rights Act of 1964.

115.    The Plaintiff suffered adverse employment action when she was terminated on August 31, 2022.

116.    The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 17, 2023 alleging sexual discrimination.

117.    On March 24, 2023, the Plaintiff received a "Right to Sue Letter" from the EEOC. (A copy of which is attached as Exhibit "A").

118.    If the Defendants assert that Plaintiff's termination was part of a reorganization plan, said plan failed to comply with Title VII in the fact that the only individuals terminated in accordance with said plan were females and members of a protected class under Title VII.

119.    That all of the actions taken by the Defendants in this cause constitute state action.

120.    That all of the actions taken by the Defendants against the Plaintiff in this cause was done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

121.    Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take action which violate Title VII of the Civil Rights Act.

122.    Further, Defendant Metropolitan Government failed to properly supervise its employees and officer to not take action which violate Title VII of the Civil Rights Act.

123.    The actions of the Defendants in this cause were done intentionally, willfully and in reckless disregard of the Plaintiff's rights under Title VII as such the Plaintiff should be entitled to liquidated damages due to the Defendants actions in this matter.

124.    As the direct and proximate result of the violation of the Plaintiff's rights under Title VII of the Civil Rights Act, the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

## Count Four

### Violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e)

#### (Sexual Harassment)

125.    The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained  in paragraphs 1-124 as if set forth herein verbatim.

126.    During her tenure of employment with Defendant Metropolitan Government, the Plaintiff was consistently subjected to sexual harassment on the part of her Supervisor Mr. Glen Baletto.

127.    This sexual harassment including but was not limited to request to go out on dates and request for sexual activity.

128.    During her tenure of employment, the Plaintiff reported this harassing behavior to Defendant Rooker, Defendant Chatman and the human resources department of Defendant Metropolitan Government.

129.    Neither Defendant Rooker nor Defendant Metropolitan Government took any action to deter the sexually harassing behavior that was subject to the Plaintiff on the part of Mr. Glen Baletto.

130.    For a period of approximately fifteen (15) years prior to her termination, the Plaintiff was subjected to systemic sexual harassment at the hands of Defendant Baletto.

131.    The acts of sexual harassment which Defendant Baletto inflicted upon the Plaintiff included, but were not limited to, consistently asking the Plaintiff out for romantic

dates; consistently finding reasons for the Plaintiff to be alone with Defendant Baletto; consistently finding reasons for Defendant Baletto to see the Plaintiff outside of work hours; consistently showing the Plaintiff pornographic videos from Defendant Baletto's cell phone in the workplace; consistently exposing himself to the Plaintiff in the workplace; grabbing and groping the private areas on the body of the Plaintiff; and requesting sexual favors from the Plaintiff in the workplace.

132.    The acts of sexual harassment took place in the workplace at a point in time when Defendant Baletto was in a position of authority over the Plaintiff. Defendant Baletto had the authority to fire the Plaintiff.

133.    Defendant Baletto's last act of sexual harassment towards the Plaintiff occurred approximately two (2) days prior to the termination of the Plaintiff.

134.    During the period of time of the sexual harassment by Defendant Baretto, the Plaintiff reported such activity to Defendant Rooker. Defendant Rooker who was the immediate supervisor of Defendant Baretto failed to take any effective steps to stop, or otherwise curtail, the sexually harassing activities of Defendant Baretto towards the Plaintiff.

135.     During the period of time of the sexual harassment by Defendant Baretto, the Plaintiff reported such activity to Defendant Chatman. Defendant Chatman who was the immediate supervisor of the Plaintiff failed to take any effective steps to stop, or otherwise curtail, the sexually harassing activities of Defendant Baretto towards the Plaintiff.

136.    In fact, Defendant Chatman told the Plaintiff that the actions of Defendant Baretto were not sexual harassment.

137.    Defendant Baretto, as a supervisor the Plaintiff, was part of the decision making process in deciding whether or not to terminate the Plaintiff on August 31, 2022.

138.     Based upon information and belief, if the Plaintiff had acquiesced to sexual advances of Defendant Baretto, she would not have been terminated on August 31, 2022.

139.     This pattern of sexual harassment caused the Plaintiff to have to work in a hostile work environment for the tenure of her employment.

140.     This sexual harassment and the reports of the Plaintiff of such activity was part of the reason for the termination of the Plaintiff on August 31, 2022.

141.     That all of the actions taken by the Defendants in this cause constitute state action.

142.     That all of the actions taken by the Defendants against the Plaintiff in this cause was done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

143.     Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take action which violate Title VII of the Civil Rights Act.

144.     Further, Defendant Metropolitan Government failed to properly supervise its employees and officer to not take action which violate Title VII of the Civil Rights Act.

145.     The actions of the Defendants in this cause were done intentionally, willfully and in reckless disregard of the Plaintiff's rights under Title VII as such the Plaintiff should be entitled to liquidated damages due to the Defendants actions in this matter.

146.     As the direct and proximate result of the violation of the Plaintiff's rights under Title VII of the Civil Rights Act, the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

Count Five

Violation of Age Discrimination in Employment Act (29 U.S.C. Sec. 623)

(Age Discrimination)

147.     The Plaintiff restates, reiterates and incorporates by reference all of the allegations contained in paragraphs 1-146 as if set forth herein verbatim.

148.     That at the time of her termination, the Plaintiff was over the age of 40 years and as such is a member of a protected class under Age Discrimination In Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq*).

149.     29 U.S.C. Sec. 623(a) reads as follows:

**(a)EMPLOYER PRACTICES**It shall be unlawful for an employer—

(**1**)     to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(**2**)     to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(**3**)     to reduce the wage rate of any employee in order to comply with this chapter.

150.     That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government the Plaintiff was qualified for the position that she held.

151.     The Plaintiff was replaced by a male individual who was significantly younger that she was and who is not a member of a protected class under ADEA.

152.     The Plaintiff suffered adverse employment action when she was terminated on August 31, 2022.

153.     The Plaintiff filed a Charge of Discrimination with the EEOC on March 17, 2023 alleging age discrimination.

154.     On March 24, 2023, the Plaintiff received a "Right to Sue Letter" from the

EEOC. (Exhibit "A").

155.    If the Defendants assert that Plaintiff's termination was part of a reorganization plan, said plan failed to comply with ADEA in the fact that the only individuals terminated in accordance with said plan were females and members of a protected class under ADEA.

156.    That all of the actions taken by the Defendants in this cause constitute state action.

157.    That all of the actions taken by the Defendants against the Plaintiff in this cause was done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

158.    Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take action which violate ADEA.

159.    Further, Defendant Metropolitan Government failed to properly supervise its employees and officer to not take action which violate ADEA.

160.    As the direct and proximate result of the violation of the Plaintiff's rights under ADEA, the Plaintiff has been damaged in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiff prays:

1.    That proper process and notice issue and be served upon the Defendants herein requiring them to answer this Complaint.

2.    That the Plaintiff reserves the right to amend the complaint.

3.    That upon a hearing of this cause that the matters in controversy be decided by a jury.

4.    That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory (in the form of both front and back pay, reinstatement to positions, and liquidated

damages), special and punitive in an amount to be proven at a hearing of the cause.

5.     That upon a hearing of this cause, the Plaintiff be awarded attorney fees and

appropriate court cost and expenses for having to bring this action.

6.     For such other and further relief as may be just and proper within these premises.


Respectfully submitted,

s/Paul Forrest Craig
PAUL FORREST CRAIG #018359
Attorney for Plaintiff
44  N. Second St., Ste. 600
Memphis, TN 38103
(901) 526-7837