| | |
|---|---|
| *Wendy R. Oliver, Clerk* | *Deputy-in-Charge* |
| *242 Federal Building* | *U.S. Courthouse, Room 262* |
| *167 N. Main Street* | *111 South Highland Avenue* |
| *Memphis, Tennessee 38103* | *Jackson, Tennessee 38301* |
| *(901) 495-1200* | *(731) 421-9200* |

# NOTICE OF RE-SETTING
## Before Judge Samuel H. Mays, Jr., United States District Judge

September 29, 2023

RE: 3:23-cv-00636
Christy Anna Allen v. The Metropolitan Government of Nashville and Davidson County, Tennessee, et al.

Dear Sir/Madam:

A **TELEPHONIC SCHEDULING CONFERENCE** has been **RESET** before Judge Samuel H. Mays, Jr. on **WEDNESDAY, DECEMBER 6, 2023** at 2:00 P.M. CST.

Counsel participating in the telephone conference should call in to the following conference line:

Dial-in Number: 1-877-848-7030
Access Code: 5600724#
Participant Password: 0636#

The parties are to consult and submit a report and a **proposed Scheduling Order** not later than **November 22, 2023**.

**PLEASE REVIEW THE ATTACHED INSTRUCTIONS.**

If you have any questions, please contact me at the number provided below or contact Mr. Jairo Mendez, the Court's case manager, at 901-495-1217 or Jairo_Mendez@tnwd.uscourts.gov.

Sincerely,

s/ Daphne E. Rankin

Daphne E. Rankin, Chambers Paralegal
901-495-1283
E-mail: Daphne_Rankin@tnwd.uscourts.gov

Attachment

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**Office of the Clerk**

**INSTRUCTIONS CONCERNING**
**RULE 16(b) SCHEDULING CONFERENCE**

I. **DUTY TO NOTIFY**

Since this scheduling conference may be set before the defendant[s] has been served or has appeared in the case, counsel for the plaintiff is responsible for notification of defendant[s] or defendant[s]' counsel of the setting of the first Rule 16(b) Conference. If plaintiff's counsel is unable to notify the defendant[s] or defendant[s]' counsel, then plaintiff's counsel shall, at least two (2) working days prior to the scheduled Rule 16(b) Conference, so notify the Court.

II. **DUTY TO CONFER**

Prior to the scheduling conference, counsel are required to consult regarding schedules for completion of discovery, filing of motions, trial and pretrial activities and other matters addressed in these instructions. **A Joint Proposed Scheduling Order, in Word format, shall be submitted to the Court's e-mail box no later than one (1) business day prior to the conference.** E-mail address: ECF_Judge_Mays@tnwd.uscourts.gov. **Submission and approval of the Proposed Scheduling Order WILL NOT cancel the conference.**

III. **ATTENDANCE REQUIRED**

The attendance of all unrepresented parties and lead trial counsel for each represented party is required at the scheduling conference; the unrepresented parties and counsel must be prepared to address any pending motions or motions which may be raised orally at the conference. Failure to appear may result in the imposition of sanctions. (See ¶ VII.)

**Out-of-town counsel may request permission from the Court to handle the conference by telephone**, provided the request is made at least THREE (3) days prior to the date of the hearing. **The request must be made in writing to the Case Manager (e-mail is preferable) and must include names and telephone numbers of all participants requesting to appear by telephone.** The conference call for the scheduling conference will be initiated by the judge's chambers.

V.   **INITIAL DISCLOSURE**

Fed.R.Civ.P. Rule 26(a)(1) & (2) and Rule 26(f) will be enforced. Therefore, in accordance with Fed.R.Civ.P. 26(f), the parties shall, at least 14 days prior to the Rule 16(b) scheduling conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan. The parties shall file a written report outlining the proposed discovery plan at least 4 days prior to the first conference. Counsel should refer to Form 52, Appendix of Forms to Fed.R.Civ.P., for a checklist of items to be discussed at the Rule 26(f) meeting and included in the written report. Moreover, within 10 days of the 26(f) meeting (i.e. at least 4 days <u>prior</u> to the scheduling conference), the parties[1] shall make disclosure pursuant to Rule 26(a)(1) without formal discovery requests. Counsel are further advised that, absent any agreement of the parties, no formal discovery demand may issue pending the meeting under Rule 26(f). Unless the parties stipulate otherwise, the number of interrogatories will be limited to 25 in accordance with Fed.R.Civ.P. 33, and the number of depositions will be limited to ten in accordance with Fed.R.Civ.P. 30.

V.   **REQUEST FOR EXEMPTION FROM RULE 26**

Counsel or parties wishing to request that they not be required to comply with provisions of Rule 26(a) or (f) of the Federal Rules of Civil Procedure, must adhere to the following procedure in making the request. Requests are to be made by motion in writing in compliance with local rules of this court. Requests for exemption from the disclosure provisions of Rule 26(a) must be made at least ten days before the date disclosure is required by the rule. Requests for exemption from the Rule 26(f) meeting requirements must be made at least seven days before the date scheduled for the meeting or, if the parties have scheduled no meeting, at least twenty-one days before the date of the scheduling conference.

VI.  **SUBJECTS AT CONFERENCE**

Generally, at the scheduling conference, the following subjects will be addressed:

1.   The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

---

[1]Except for parties in pro se prisoner litigation.

2. Jurisdictional and statute of limitations issues (all jurisdictional questions or timeliness questions should be reviewed in advance of the scheduling conference and, if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition);[2]

3. Setting of all deadlines for filing preliminary motions, the establishment of all deadlines for discovery (including disclosure of expert witness information where appropriate), the establishment of final deadlines for filing pretrial motions (including all motions for summary judgment), joining parties, amending pleadings, the establishment of pretrial conference and trial dates, and the establishment of any other appropriate deadlines. The court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case and will be no later than eighteen months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting.

4. The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

5. The possibility of settlement, your position regarding settlement, and the desire of the parties to utilize alternative dispute resolution, including the private mediation program plan, or whether the parties request a referral to the magistrate judge for a settlement conference;

6. Status of all document discovery(parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas <u>duces</u> <u>tecum</u> to third parties);

7. Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

8. Estimated trial time, and any special issues anticipated in connection with trial; and

9. Any pending motions or motions which may be raised orally at the conference.

---

[2]Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

VII. **ORDER TO BE ENTERED**

An order will be entered reflecting the results of the scheduling conference.  The order will include deadlines for filing motions and completing discovery, and the establishment of pretrial conference and trial dates.  **Attached as Exhibit "A" to this notice is a Form Rule 16(b) Scheduling Order** which counsel may use as a proposed order after developing appropriate agreed-upon deadlines.

VIII. **SANCTIONS FOR FAILURE TO APPEAR**

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an ex parte hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

**EXHIBIT "A"**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

_____
**Plaintiff,**

v.

**Cv. No.**

_____
**Defendant.**

---

**RULE 16(b) SCHEDULING ORDER**

---

Pursuant to written notice, a scheduling conference was held on _____,

20____. Participating on behalf of the plaintiff(s) was/were _____.

Participating on behalf of the defendant(s) was/were _____.

The following schedules and deadlines were established:


JOINING PARTIES: _____ for Plaintiff
                                                   _____ for Defendant

AMENDING PLEADINGS: _____ for Plaintiff
                                                   _____ for Defendant

COMPLETING ALL DISCOVERY:
        (a)     EXPERT DISCLOSURE (Rule 26):
                    _____ (i) Plaintiff's Rule 26 Expert:
                    _____ (ii) Defendant's Rule 26 Expert:

        _____(iii) Supplementation under Rule 26(e):

    (b)    DOCUMENT PRODUCTION, INTERROGATORIES and REQUESTS for ADMISSIONS:

    (c)    MOTIONS TO COMPEL DISCOVERY: to be filed and served within forty-five days of the default or the service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer or objection shall be waived.

FILING DISPOSITIVE MOTIONS:

FINAL LISTS OF WITNESSES AND EXHIBITS (Rule 26(a)(3)):

        _____(a) for Plaintiff:

        _____(b) for Defendant:

Parties shall have _____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

This trial is expected to last \_\_\_\_\_ days and will be **SET** for JURY/NON-JURY TRIAL on _____.

A pretrial conference will be conducted (lead counsel must be present) on _____, at _____ \_\_\_\_\_.m.

A joint pretrial order, jury instructions and motions in limine are due on _____.

Absent good cause shown, the scheduling dates set by this order will not be modified or extended**.**

    **SO ORDERED** this _____ day of _____, 20\_\_\_\_\_.

                                        _____
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE