## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTY ANNA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00636 |
| | ) | |
| v. | ) | Judge Mays |
| | ) | |
| THE METROPOLITAN | ) | JURY DEMAND |
| GOVERNMENT OF NASHVILLE AND | ) | |
| DAVIDSON COUNTY, TENNESSEE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### Parties

1.      The Metropolitan Government lacks sufficient knowledge to admit or deny this allegation; therefore, it is denied.

2.      Admitted.

3.      Admitted that Defendant Rooker served as the Circuit Court Clerk. Admitted upon information and belief that he may be served with process at the stated address. It is further admitted that in his position as Circuit Court Clerk, Defendant Rooker managed the clerk's office for the circuit courts for the 20th Judicial District of the State of Tennessee and the clerk's office for the civil division of the general sessions court of Davidson County, Tennessee.

4.      Admitted. It is further admitted that in his position as Circuit Court Clerk, Defendant Day also manages the clerk's office for the circuit courts for the 20th Judicial District of the State of Tennessee and the clerk's office for the civil division of the general sessions court of Davidson County, Tennessee.

5.     Defendant Balletto is currently the Chief Clerk of the General Sessions Court – Civil of Davidson County. The remaining allegations in this paragraph are admitted.

6.     Defendant Chatman is currently the Chief Clerk of Circuit Court for the 20th Judicial District. The remaining allegations in this paragraph are admitted.

7.     The Metropolitan Government lacks sufficient knowledge to admit or deny this allegation; therefore, it is denied.

## Jurisdiction and Venue

Proper jurisdiction and venue are admitted. It is denied that Plaintiff suffered any unlawful discrimination, harassment, or constitutional injury, or that she was a victim of a conspiracy. It is denied that Plaintiff is entitled to any damages.

## Jury Demand

This paragraph contains no allegations of fact directed at the Metropolitan Government. Therefore, it is denied.

## Factual Allegations

1.     Denied.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

6.     This paragraph consists of a legal conclusion; therefore, it is denied.

7.     It is admitted that Plaintiff was hired as a deputy circuit court clerk by the elected Circuit Court Clerk in April 1995. It is denied that she was hired by the Metropolitan Government.

8.     It is admitted that on August 31, 2022, Plaintiff's term of employment as a deputy circuit court clerk ended. It is denied that Plaintiff was "terminated" by the

Metropolitan Government.

9.      It is denied that Plaintiff was "terminated" by the Metropolitan Government. It is admitted that Plaintiff is a woman.

10.      It is denied that Plaintiff was "terminated" by the Metropolitan Government. It is admitted that at the time Plaintiff's term of employment with the Circuit Court Clerk's office ended, she was 53 years old.

11.      It is admitted that Plaintiff served as a deputy clerk for 27 years. The remaining allegations in this paragraph are denied.

12.      Due to the vague and speculative nature of this paragraph, it is denied.

13.      It is admitted that Plaintiff received satisfactory evaluations during her employment as a deputy circuit court clerk. To the extent that this paragraph implies that Plaintiff's employment evaluations were uniformly satisfactory or favorable, it is denied.

14.      Denied.

15.      Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government.

16.      It is denied that Plaintiff was "terminated" by the Metropolitan Government. The Metropolitan Government lacks sufficient information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied.

17.      It is admitted that Defendant Balletto was the chief clerk of the Davidson County Circuit Court at the time Plaintiff's employment ended and a substantial period of time before. It is admitted that Defendant Balletto was Plaintiff's supervisor. The remaining allegations in this paragraph are denied.

18.      It is admitted that Defendant Chatman was a team lead in the Davidson County Circuit Court at the time Plaintiff's employment ended and a substantial period of time before. It is admitted that Defendant Chatman was Plaintiff's supervisor. The

remaining allegations in this paragraph are denied.

19.    Denied.

20.    It is admitted that Defendant Rooker announced he would not seek re-election as the Circuit Court Clerk for the 20th Judicial District of the State of Tennessee on or about September 27, 2021.

21.    It is admitted that Defendant Rooker served as the Circuit Court Clerk for the 20th Judicial District of the State of Tennessee beginning in 1993. It is admitted that Defendant Rooker's father previously served as Circuit Court Clerk for the same judicial district. It is admitted that, in addition to managing the circuit courts for the 20th Judicial District of the State of Tennessee, Defendant Rooker also managed the general sessions courts of Davidson County, Tennessee.

22.    It is admitted that Defendant Rooker announced that he supported Defendant Day's campaign. It is denied that Defendant Rooker asked his staff to support Defendant Day's campaign.

23.    It is admitted that Defendant Rooker oversaw and managed the staff of the Circuit Court Clerk's office for the 20th Judicial District of the State of Tennessee. The remaining allegations in this paragraph are denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

28.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

29.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

30.     Admitted.

31.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

32.     Denied.

33.     This paragraph consists of a statement of law to which no response is required. To the extent a response is required, the First Amendment of the United States Constitution speaks for itself.

34.     It is admitted that Plaintiff has free speech rights. Plaintiff's characterization of that right is denied. It is denied that the Metropolitan Government interfered in any way with the Plaintiff's exercise of her First Amendment Rights.

35.     Admitted.

36.     It is denied that Plaintiff was "terminated" by the Metropolitan Government. Deputy circuit court clerks' terms of employment end with the elected Circuit Court Clerk's term. It is admitted that Plaintiff's term of employment ended on August 31, 2022, when the previously elected Circuit Court Clerk's term ended.

35.     It is denied that Plaintiff was "terminated" by the Metropolitan Government. It is admitted that three other employees' terms of employment ended around the same time as Plaintiff's term of employment ended. [1]

36.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

---

[1] The numbering of the paragraphs departs from conventional practice at this point in in Plaintiff's Amended Complaint. For ease of reference, this Answer follows the numbering of Plaintiff's paragraphs.

37.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

38.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

39.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

40.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

41.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

42.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

43.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

44.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

45.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, the Metropolitan Government denies Plaintiff's characterization of the law.

46.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, the Metropolitan Government denies Plaintiff's characterization of the law.

47.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

48.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, the Metropolitan Government denies Plaintiff's characterization of the law.

49.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

50.     It is denied that other employees were "terminated" by the Metropolitan Government.

51.     Admitted.

52.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

53.     It is denied that Defendant Day had the authority, ability, or stop Plaintiff's term of employment from ending. The remaining allegations in this paragraph are denied.

54.     It is admitted that Plaintiff's term of employment ended on August 31, 2022. It is denied that Plaintiff had any claim to employment after that date.

55.     It is admitted that the Plaintiffs were not sworn in as deputy circuit court clerks under Defendant Day. It is denied that they had any right to be sworn in.

56.     Denied.

57.     It is denied that Plaintiff was "terminated" by the Metropolitan Government. It is denied that the Metropolitan Government had the authority, ability, or duty to stop the terms of Plaintiff's employment from ending. All remaining allegations in this paragraph are denied.

58.     It is denied that the Metropolitan Government had the authority, ability, or duty to "reinstate" Plaintiff. All remaining allegations in this paragraph are denied.

59.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

60.     This paragraph consists of a statement of law to which no response is required. To the extent a response is required, art. I § 4 of the Tennessee Constitution speaks for itself.

61.     This paragraph consists of a statement of law to which no response is required. To the extent a response is required, art. I § 19 of the Tennessee Constitution speaks for itself.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     This paragraph consists of a statement of law to which no response is required. To the extent a response is required, Plaintiff's characterization of the law is denied.

67.     This paragraph consists of a statement of law to which no response is required. To the extent a response is required, Plaintiff's characterization of the law is denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government. It is admitted that Plaintiff received medical benefits.

73.     This paragraph consists of a legal conclusion; therefore, it is denied.

74.     Denied.

75.     Denied.

76. Denied.

77. Denied.

78. It is admitted that Plaintiff is a woman. The remainder of this paragraph consists of a legal conclusion, which is denied.

79. Denied. It is further denied that Plaintiff was an employee of the Metropolitan Government.

80. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

81. Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government.

82. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

83. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

84. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

85. It is admitted that Defendant Balletto was Plaintiff's supervisor. The remaining allegations in this paragraph are denied.

86. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

87. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

88. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

89.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

90.     It is admitted that Defendant Balletto was Plaintiff's supervisor. The Metropolitan Government lacks sufficient information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied.

91.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

92.     It is admitted that at the time her term of employment with the Circuit Court Clerk's office ended, Plaintiff was more than 40 years old. The remainder of this paragraph consists of a legal conclusion, which is denied.

93.     Denied. It is further denied that Plaintiff was an employee of the Metropolitan Government.

94.     Denied.

95.     Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government.

96.     It is denied that Plaintiff's constitutional rights were violated, that she was a victim of a conspiracy, or that she was discriminated against or harassed. It is denied that she is entitled to any of the relief she seeks.

**COUNT I: 42 U.S.C. § 1983 First Amendment Retaliation**

97.     The Metropolitan Government restates and incorporates its responses to the preceding allegations as if set forth herein.

98.     Denied.

99.     The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

100. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

101. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

102. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

103. It is admitted that Defendant Day won election as the Circuit Court Clerk for the 20th Judicial District of Tennessee on August 4, 2022.

104. It is denied that Plaintiff was "terminated" by the Metropolitan Government. It is admitted that Plaintiff's term of employment with the Circuit Court Clerk's office ended on August 31, 2022.

105. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

106. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

107. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

108. This paragraph consists of legal conclusions; therefore, it is denied.

109. This paragraph consists of legal conclusions; therefore, it is denied.

110. This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

111. This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

112.    This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

113.    This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

114.    This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

115.    It is denied that Plaintiff was an officer of the Metropolitan Government. The Metropolitan Government lacks sufficient information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied.

116.    It is denied that these Defendants were employees of the Metropolitan Government.

117.    This paragraph consists of legal conclusions; therefore, it is denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government.

126.    Denied.

127. Denied.

## COUNT II: 42 U.S.C. § 1985 Conspiracy

128. The Metropolitan Government restates and incorporates its responses to the preceding allegations as if set forth herein.

129. This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

130. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

131. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

132. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

133. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

134. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

135. The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

136. This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

137. This paragraph consists of legal conclusions; therefore, it is denied.

138.    This paragraph consists of a statement of the law to which no response is required. To the extent that a response is required, Plaintiff's characterization of the law is denied.

139.    This paragraph consists of legal conclusions; therefore, it is denied.

140.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied. It is further denied that these Defendants are employees of the Metropolitan Government.

141.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

142.    Denied.

143.    Denied.

144.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

145.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    This paragraph consists of legal conclusions; therefore, it is denied. It is further denied that these Defendants were employees of the Metropolitan Government.

150.    Denied.

151.    Denied.

152.    Denied.

## COUNT III: Title VII Sex Discrimination

153.    The Metropolitan Government restates and incorporates its responses to the preceding allegations as if set forth herein.

154.    It is admitted that Plaintiff is a woman. The remainder of this paragraph consists of a legal conclusion, which is denied.

155.    This paragraph consists of the statement of the law to which no response is required. To the extent a response is required, 42 U.S.C. § 2000 speaks for itself.

156.    Denied. It is further denied that Plaintiff was employed by the Metropolitan Government.

157.    Denied.

158.    Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government.

159.    Admitted.

160.    Admitted.

161.    This paragraph alleges no facts; it contains a hypothetical and a legal conclusion. It is denied that Plaintiff was terminated. It is denied that any conduct of the Metropolitan Government violated Title VII. The remainder of this paragraph calls for a legal conclusion and is therefore denied.

162.    This paragraph consists of a legal conclusion; therefore, it is denied.

163.    Denied

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

## COUNT IV: Title VII Sexual Harassment

168.  The Metropolitan Government restates and incorporates its responses to the preceding allegations as if set forth herein.

169.  It is denied that Plaintiff was an employee of the Metropolitan Government. The Metropolitan Government lacks sufficient information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied.

170.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

171.  Denied.

172.  It is denied that the Metropolitan Government was aware of the alleged sexually harassing behavior.

173.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

174.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

175.  It is admitted that Defendant Balletto was Plaintiff's supervisor. The remaining allegations in this paragraph are denied.

176.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

177.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

178.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

179.  The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

180.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

181.    The Metropolitan Government lacks sufficient information to admit or deny the allegations in this paragraph. Therefore, it is denied.

182.    This paragraph consists of a legal conclusion; therefore, it is denied.

183.    It is denied that Plaintiff was terminated. The Metropolitan Government lacks sufficient information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied.

184.    This paragraph consists of a legal conclusion; therefore, it is denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

## COUNT V: ADEA Age Discrimination

190.    The Metropolitan Government restates and incorporates its responses to the preceding allegations as if set forth herein.

191.    It is admitted that at the time her term of employment with the Circuit Court Clerk's office ended, Plaintiff was more than 40 years old. The remainder of this paragraph consists of a legal conclusion, which is denied.

192.    This paragraph contains a statement of the law to which no response is required. To the extent a response is required, 29 U.S.C. § 623 speaks for itself.

193.    Denied. It is further denied that Plaintiff was employed by the Metropolitan Government.

194.    Denied.

195. Denied. It is further denied that Plaintiff was "terminated" by the Metropolitan Government.

196. Admitted.

197. Admitted.

198. This paragraph alleges no facts; it contains a hypothetical and a legal conclusion. It is denied that Plaintiff was terminated. It is denied that any conduct of the Metropolitan Government violated the ADEA. The remainder of this paragraph calls for a legal conclusion and is therefore denied.

199. This paragraph consists of a legal conclusion; therefore, it is denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

### Prayer for Relief

It is denied that Plaintiff is entitled to any of the relief they seek.

### **GENERAL DENIAL**

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

### **GENERAL AND AFFIRMATIVE DEFENSES**

1. The Metropolitan Government denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff suffered no adverse employment action that could serve as the basis for any claim in this lawsuit.

3. The Metropolitan Government did not violate any constitutional right or other federal right to which Plaintiff was entitled.

4. The Metropolitan Government did not discriminate or retaliate against Plaintiff on any basis.

5. The Metropolitan Government did not commit any act or omission that caused or contributed to Plaintiff's alleged damages.

6. At all times, the Metropolitan Government's actions were based on legitimate, non-retaliatory, non-discriminatory reasons, undertaken in good faith and without malice or ill-will towards Plaintiff.

7. Even if it is determined that Plaintiff engaged in protected speech, non-renewal of her employment was warranted and would have occurred notwithstanding any protected speech or membership in any protected class.

8. Plaintiff's claims are barred by estoppel, laches, failure to exhaust administrative remedies, and/or the applicable statute of limitations.

9. The Metropolitan Government denies that any speech of the Plaintiff caused the end of her employment. By virtue of her position as a deputy circuit court clerk, individuals in those positions are subject to non-renewal for political patronage reasons and, as such, Plaintiff's retaliation and conspiracy claims fail.

10. Plaintiff was not an employee of the Metropolitan Government within the meaning of Title VII of the Civil Rights Act of 1964 or the ADEA.

11. Plaintiff is not entitled to nominal, compensatory, special, or punitive damages; fees; front or back pay; pre- or post-judgment interest; liquidated damages; reinstatement, or costs.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Amended Complaint (Doc. No. 26), the

Metropolitan Government prays:

1.      That this be accepted as its Answer herein;

2.      That this cause be dismissed and held for naught;

3.      That all costs and other reasonable fees be charged to and borne by Plaintiff;

4.      That a jury of 12 hear all claims so triable; and

5.      For such other relief as the Court deems appropriate.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/John W. Ayers*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
John W. Ayers (#37494)
ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to:

Paul Forrest Craig
44 N. Second St., Suite 600
Memphis, TN 38103
pfcraig@bellsouth.net

on this the 20th day of December, 2023.

_/s/ John W. Ayers_
John W. Ayers